# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK MAGON, | ) |
| Plaintiff, | ) No. 12 C 5706 |
| | ) |
| v. | ) Magistrate Judge M. David Weisman |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Magon appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff filed an application for benefits on July 17, 2008. (R. 218.) His application was denied initially on December 5, 2008 and again on reconsideration on April 29, 2009. (R. 218-19.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 27, 2010. (R. 154-217.) On January 13, 2011, the ALJ issued a decision denying plaintiff's application. (R.137-49.) The Appeals Council denied review (R. 97-99), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Aug. 15, 2017). Accordingly, the Court substitutes Berryhill for Astrue pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity in the period between his alleged onset date, November 1, 2005, and his date last insured ("DLI"), December 31, 2009. (R. 139.) At step two, the ALJ found that plaintiff had the severe impairments of "degenerative disc disease of the cervical spine and lumbar spine, hypertension, obesity, sleep apnea, and chronic obstructive pulmonary disease (COPD)." (*Id.*) At step three, the ALJ determined that, through his DLI, plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 140.) At step four, the ALJ found that, through his DLI, plaintiff could not perform his past relevant work but had the RFC to perform light work with additional restrictions. (R. 143-48.) At step five, the ALJ found that there were a significant number of jobs in the national economy that plaintiff had the RFC to perform, and thus he was not disabled. (R. 148-49.)

Plaintiff contends that the ALJ erred in evaluating the opinion of his treating physician, Dr. Mukoski. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c). The ALJ must provide "provide a sound explanation for his decision to reject" a treating physician's opinion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *see* 20 C.F.R. § 404.1527(c)(2) ("We will

always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").

Dr. Mukoski stated that plaintiff's "ability to perform any gainful job is greatly affected[,]" by "multiple comorbidities including chronic pain symptoms attributed to ddd [degenerative disc disease], spinal stenosis[2] radiculopathy[3] and multijoints arthralgia."[4]  (R. 1200, 1202.)  He noted that plaintiff has "severe central stenosis . . . at L3-4, L4-5 and L5-S1," "chronic [left-sided] radiculopathy" at C6-7, and that the "pain persists" despite an LESI [lumbar epidural spinal injection].  (*Id.* at 1200.)

The ALJ did not give any weight to Dr. Mukoski's opinion, in part, because he "f[ou]nd the opinion to be inconsistent with the objective medical record."  (R. 147.)  The ALJ did not, however, identify the medical evidence that purportedly undermines Dr. Mukoski's opinion.  On the contrary, the ALJ expressly noted that medical records, x-rays, and scans confirmed Dr. Mukoski's diagnoses of plaintiff's back impairments.  (*See* R. 145 ("The medical record contains considerable notes with regard to the claimant's back problems. . . .  The X-ray report from December of 2008 showed disc space narrowing at L4-L5 and L5-S1 and mild changes of degenerative disc disease.  MRI and EMG scans this year revealed degenerative disc disease throughout the lumbar spine, multiple disc protrusions at L4-5 and L5-S1, moderate central stenosis at L3-4, and severe combined degenerative and congenital central stenosis at L3-4, L4-5, and L5-S1.")) (citations omitted).  The ALJ's failure to provide an explanation for his rejection of Dr. Mukoski's evidence precludes "meaningful appellate review."  *See Herron v. Shalala*, 19

---

[2]"Spinal stenosis" is "a narrowing of the open spaces within [the] spine, which can put pressure on [the] spinal cord and the nerves that travel through the spine to [the] arms and legs."  http://www.mayoclinic.org/diseases-conditions/spinal-stenosis/basics/definition/con-20036105 (last visited Mar. 31, 2017).
[3]"Radiculopathy" is "disease of the [cervical] nerve roots."  *See Radiculopathy*, Dorland's Illustrated Medical Dictionary (32d ed. 2012).
[4]"Arthralgia" is "pain in a joint."  *See Arthralgia*, Dorland's Illustrated Medical Dictionary (32d ed. 2012).

4

F.3d 329, 333 (7th Cir. 1994) ("Our cases consistently recognize that meaningful appellate review requires the ALJ to articulate reasons for accepting or rejecting entire lines of evidence."); *see also* 20 C.F.R. § 404.1527(c)(2).

Moreover, even if the ALJ had "good reasons" for not adopting Dr. Mukoski's opinion, he still should have assessed the opinion according to the agency's regulations. Those regulations require the ALJ to evaluate every medical opinion by considering the nature and extent of the relationship between the doctor and the claimant, whether the doctor is a specialist or generalist, and whether the opinion is consistent with and supported by laboratory findings and the record as whole. 20 C.F.R. § 404.1527(c). There is no indication in the opinion that the ALJ considered any of these factors before summarily rejecting Dr. Mukoski's evidence.

The ALJ's other reason for rejecting Dr. Mukoski's, that "the claimant disability determination is solely for the Commissioner" (R. 147), is also problematic. According to the Seventh Circuit, the fact that a doctor describes a claimant as "disabled" is not a basis for discarding his opinion:

> [The ALJ] . . . rebuked Dr. Goodman for saying that Bjornson "remained unable to work," remarking that "statements that a claimant is disabled or unable to work are not medical opinions but are dispositive administrative findings . . . reserved to the Commissioner" of social security. The remark is imprecise. The pertinent regulation says that "a statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). That's not the same thing as saying that such a statement is improper and therefore to be ignored, as is further made clear when the regulation goes on to state that "the *final* responsibility for deciding" residual functional capacity (ability to work—and so whether the applicant is disabled) "is reserved to the Commissioner." § 404.1527(e)(2) (emphasis added). . . .

*Bjornson v. Astrue*, 671 F.3d 640, 647-48 (7th Cir. 2012). Thus, Dr. Mukoski's assertion that plaintiff's ability to work is "greatly affected" by his impairments does not vitiate the doctor's

opinion. In short, the ALJ's conclusory rejection of Dr. Mukoski's opinion is not supported by "substantial evidence in the record." *White*, 965 F.2d at 136.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision and remands the case for a reevaluation of the medical evidence and a reassessment of other issues, such as RFC and symptom evaluation, that are informed by that evidence.

**SO ORDERED.**                                **ENTERED:** August 15, 2017

_____

**M. David Weisman**
**United States Magistrate Judge**